## Charles A. Michalak, Defendant in Error, v. C. J. Tomkiewicz, Plaintiff in Error.

### Gen. No. 21,103.   (Not to be reported in full.)

Error to the Circuit Court of Cook county; the Hon. RICHARD S. TUTHILL, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1915. Affirmed on remittitur; otherwise reversed and remanded. Opinion filed May 12, 1916.

### Statement of the Case.

Action of trespass by Charles A. Michalak, plaintiff, against C. J. Tomkiewicz, defendant, for damages for an alleged assault made upon plaintiff by defendant. Upon a trial of the cause the jury returned a verdict for five hundred dollars and to reverse a judgment on this verdict, defendant prosecutes this writ of error.

Defendant contended that the court erred in giving on behalf of the plaintiff, instructions Nos. 2 and 3, the subject-matter of which was the question of damages; and further contended that the verdict, under the facts and circumstances, showed that the jury allowed the plaintiff exemplary or vindictive damages, when none should have been allowed, and therefore the damages were excessive.

The evidence showed that at the time of the assault defendant was the owner of a drug store, and had in his employ the plaintiff, who entered his service as an apprentice. Plaintiff, in the course of his employment, had occasion to sell postage stamps, which were usually kept in a drawer not under lock and key. The money for the sale of stamps was placed in the drawer. On previous occasions there had been shortages in the stamp drawer, which led to disputes between plaintiff and defendant. On the day of the assault, a similar discussion had arisen between them, and the plaintiff was summarily discharged. Defendant contended that

as the testimony was conflicting, the jury should have been "correctly instructed as to the rule of damages applicable to the case."

Defendant also complained of instruction No. 3, wherein the jury were told that in assessing punitive or exemplary damages, they had the right to take into consideration the pecuniary circumstances of the defendant. He contended that this instruction should not have been given, because there was no evidence offered by plaintiff with reference to the pecuniary condition of the defendant. Plaintiff testified that defendant was the owner of a drug store where he (plaintiff) had been employed; and that defendant was president of the Polish National Daily. Defendant testified that he operated and owned a drug store; that he had been in the drug business for twenty years, and further stated that he was in the newspaper business, and that he was president of the Polish National Publishing Company. He contended, however, that this is not such evidence as would warrant a conclusion as to his pecuniary condition. Defendant finally contended that the damages allowed were excessive.

OTTO H. BEUTLER and BEACH & BEACH, for plaintiff in error.

CHARLES W. LAMBORN, for defendant in error.

MR. PRESIDING JUSTICE PAM delivered the opinion of the court.

### Abstract of the Decision.

1. ASSAULT AND BATTERY, § 14*—*when evidence sufficient to support verdict.* In an action of trespass to recover for an alleged assault upon plaintiff by defendant, evidence examined and *held* to support a finding that defendant assaulted plaintiff without provocation and to warrant an award of exemplary damages.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

2. ASSAULT AND BATTERY, § 17*—*when instruction as to considera-tion of defendant's pecuniary circumstances proper.* In an action of trespass to recover damages for an alleged assault, evidence in-troduced by plaintiff as to defendant's pecuniary circumstances was sufficient to warrant an instruction to the jury that in assessing exemplary damages they had the right to take into consideration defendant's pecuniary circumstances.

3. APPEAL AND ERROR, § 1406*—*when amount of verdict not ground for reversal.* Even though the damages awarded in an action of trespass for assault are excessive, where they are not so excessive as to show prejudice on the part of the jury the amount of the ver-dict is not ground for reversal.

4. ASSAULT AND BATTERY, § 22*—*where plaintiff's conduct ground for mitigation of damages.* In an action of trespass for an alleged assault where the plaintiff's conduct while not sufficient to warrant or excuse the assault was not entirely decorous and not entirely free from censure, it should be considered in mitigation of the damages.

5. DAMAGES, § 246*—*when remittitur proper on appeal.* In an action of trespass for assault where the Appellate Court finds that the amount of damages allowed is excessive, it will require the plain-tiff to remit the excess from the judgment as a condition of affirm-ance.